UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FLETCHER MORGAN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV399 JCH |
| | ) | |
| AVON PRODUCTS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses and Motion to Dismiss Defendant's First, Second, and Other Counterclaims, filed on June 20, 2012. ("Motion to Strike," ECF No. 15). This matter is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Fletcher Morgan ("Plaintiff" or "Morgan") is the inventor of an "Ergonomic Frosting Applicator Nozzle" and was issued a '807 patent on this item on May 16, 2006. (Complaint, ¶ 10). Plaintiff is also the inventor of an "Ergonomic Frosting Applicator" and was issued a '736 patent on this item on January 20, 2009. (Id., ¶ 14).

In 2007, Plaintiff began marketing and selling the "Betty Crocker 100 Piece Cake Decorating Kit" ("100 Piece Kit") in the United States. (Id., ¶ 19). Plaintiff's 100 Piece Kit falls within the scope of his patents. (Id., ¶ 21). Plaintiff coordinated the manufacture of his 100 Piece Kit in China

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint (ECF No. 1). Defendant has filed an Amended Answer disputing some of these facts.

and contracted with marketing firms to assist him in selling his 100 Piece Kit in the United States. (Id., ¶ 23).

According to Plaintiff, Defendant Avon Products, Inc. ("Defendant" or "Avon") manufactures or sells ergonomic frosting applicators in the form of the Avon 100 Piece Set. (Id., ¶ 25). Defendant began selling the Avon 100 Piece Set in 2011. (Id., ¶ 28). The Avon 100 Piece Set includes an "Applicator" that is identical to the dispensing nozzle claimed in the '807 patent. (Id., ¶ 26). The Avon 100 Piece Set also includes dispensing components claimed in the '736 patent, including the dispensing nozzle, ring member, decorator tips, and flexible plastic bags. (Id., ¶ 27). Finally, the instruction manual for the Avon 100 Piece Set includes language copied from the instruction manual for Plaintiff's 100 Piece Kit. (Id., ¶ 34).

Plaintiff filed this action in this Court on March 6, 2012, on the basis of subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiff's Complaint contains two counts: infringement of the '807 patent and infringement of the '736 patent. As noted above, Plaintiff filed his Motion to Strike on June 20, 2012, asserting that Defendant's first, second, third, fifth, sixth, seventh, eighth, ninth, and tenth affirmative defenses should be stricken, and that Defendant's first and second counterclaims should be dismissed along with its "other counterclaims" section.

## STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]

---

[2] "These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. Immaterial claims are those lacking essential or important relationships to the claim for relief. Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480, 2009 WL 943552, at *2 n.3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

FED. R. CIV. P. 12(f).  "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms, 2009 WL 943552 at *2 (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" Bartoe v. Mo. Barge Line Co., No. 1:07CV165, 2009 WL 1118816, at *1 (E.D.Mo. Apr. 24, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)).  "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Champion Bank v. Reg'l Dev., LLC, No. 4:08CV1807, 2009 WL 1351122, at *4 (E.D. Mo. May 13, 2009) (quoting Lunsford, 570 F.2d at 229).  Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" Champion Bank, 2009 WL 1351122, at *4 (quoting FDIC v. Coble, 720 F. Supp. 748, 750 (E.D.Mo. 1989)); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled.").

## DISCUSSION

As an initial matter, the Court notes that Defendant agrees to dismiss its seventh, eighth, ninth, and tenth affirmative defenses, along with the challenged counterclaims, without prejudice.  The Court will therefore order the dismissal without prejudice of these affirmative defenses and counterclaims.

The Court finds the remaining challenged defenses meet the pleading requirements of the Federal Rules of Civil Procedure.[3]  Plaintiff has not provided a basis to strike Defendant's remaining affirmative defenses under  Rule 12(f) of the Federal Rules of Civil Procedure, as Plaintiff has not shown that the defenses raised are insufficient, redundant, immaterial, impertinent, or scandalous.  See FED.R. CIV. P. 12(f).   Plaintiffs' allegations and Defendant's Amended Answer all provide sufficient facts upon which Defendant bases its affirmative defenses.  Thus, Defendant's remaining affirmative defenses "present[]...question[s] of law and fact that the court ought to hear."  Lunsford, 570 F.2d at 229.  Finding that Defendant has adequately alleged its remaining affirmative defenses (Amended Answer, ¶¶ 49, 50, 52, and 53), the Court will not strike them.

## CONCLUSION

---

[3]Plaintiff argues the pleading requirements from Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), extend to pleadings of affirmative defenses.  Plaintiff raises this argument in its Reply, and the Court may properly refuse to address it.  See Westfield, LLC v. IPC, Inc., No. 4:11CV155, 2012 WL 1205794, at *2 n. 1 (E.D.Mo. Apr. 11, 2012) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here."); Universal Sewing Supply, Inc. v. Artek Sewing Supplies, Inc., No. 4:05CV974, 2005 WL 2211146, at *2 n. 3 (E.D.Mo. Sept. 8, 2005).

Nonetheless, the Court declines to decide whether the pleading requirements of Twombly and Iqbal extend to affirmative defenses for additional reasons.  First, this question has not yet been addressed by any court of appeals.  A majority of district courts that have considered the question have extended the Iqbal pleading standards to affirmative defenses when considering a motion to strike while a minority of district courts have rejected applying the heightened pleading standards to affirmative defenses.  Lane v. Page, 272 F.R.D. 581, 589-90, n.5, 6 (D. N.M. 2011) (summarizing the decisions on both sides of the split among district courts); Shaw v. Prudential Ins. Co. of Am., No. 10-03355, 2011 WL 1050004, at *2 (W.D. Mo. Mar. 21, 2011).  Courts deciding to extend the heightened pleading standard generally reason that affirmative defenses share the same notice function motivating heightened pleading standards in Twombly and Iqbal.  See, e.g., Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D.Kan. Dec. 22, 2009).  On the other hand, courts that have rejected this extension of the pleading standard to affirmative defenses note affirmative defenses are pled under Rule 8(c) of the Federal Rules of Civil Procedure, which was not at issue in Iqbal.  See, e.g., Lane, 272 F.R.D. at 591-96.  Second, the Court finds that its determination in this case would not differ depending on the standard of review employed.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses and Motion to Dismiss Defendant's First, Second, and Other Counterclaims (ECF No. 15) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 1st day of August, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE